**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2258**

SSA COOPER, LLC; HOMEPORT INSURANCE COMPANY,

      Petitioners,

      v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; LAMONT A. BROWN,

      Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(13-0127)

Submitted:  March 27, 2014         Decided:  April 9, 2014

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Richard P. Salloum, FRANKE & SALLOUM, PLLC, Gulfport,
Mississippi, for Petitioners.  E. Paul Gibson, E. PAUL GIBSON,
P.C., Charleston, South Carolina; Betty English, OFFICE OF THE
SOLICITOR GENERAL, Washington, D.C.; Mark A. Reinhalter,
Jonathan Peter Rolfe, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

SSA Cooper, LLC ("employer") seeks review of the Benefits Review Board's (BRB) decision and order affirming the administrative law judge's (ALJ) award of longshore disability benefits to Lamont Brown pursuant to 33 U.S.C. §§ 901-950 (2012). On appeal, employer argues that the ALJ applied the "true doubt" rule, in violation of the Supreme Court's holding in Dir., Office of Workers' Comp. Programs v. Greenwich Collieries, 512 U.S. 267, 281 (1994). Employer also argues that the ALJ's evaluation and weighing of the medical evidence is not supported by substantial evidence. Finally, employer asserts that Brown could have obtained an exemption that would have allowed him to return to longshore work with medical limitations and consequently the ALJ erred in concluding that Brown was unable to return to this work. We deny the petition for review.

We review "BRB decisions for errors of law and to ascertain whether the Board adhered to its statutorily mandated standard for reviewing the ALJ's factual findings." Ceres Marine Terminals, Inc. v. Green, 656 F.3d 235, 239 (4th Cir. 2011) (internal quotation marks omitted). "The factual findings of the ALJ must be affirmed if supported by substantial evidence. Review of legal questions is de novo, and no deference is due to the Board's legal conclusions." Id.

2

(internal quotation marks and citations omitted). The court will not disregard the ALJ's factual findings merely because other inferences might have been more reasonable, and deference is accorded to the ALJ's inferences and credibility assessments. Id. "The ALJ may not merely credulously accept the assertions of the parties or their representatives, but must examine the logic of their conclusions and evaluate the evidence upon which their conclusions are based." Dir., Office of Workers' Comp. Programs v. Newport News Shipbldg. & Dry Dock Co. (Carmines), 138 F.3d 134, 140 (4th Cir. 1998).

Employer first argues that the ALJ erred in finding that Brown was unable to return to his previous employment due to his back injury. The dispute in this case essentially comes down to whether the ALJ's crediting of the medical opinion of Dr. Patel over that of Dr. Kolehma is supported by substantial evidence. "Substantial evidence" is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). Employer argues that the ALJ applied the "true doubt" rule, which was held inapplicable to cases under the LHWCA. We disagree. The ALJ thoroughly discussed the medical evidence in this case and properly considered the different opinions regarding Brown's condition. We conclude that the ALJ's decision to credit the

3

opinion of Brown's treating physician, Dr. Patel, is supported by substantial evidence.

Employer next argues that the ALJ erred in failing to consider that, even with restrictions, Brown could have sought an exemption from the longshore union that would have allowed him to return to work within his restrictions at no loss of pay. Employer bases this argument on the testimony of the vocational expert describing a previous case in which a claimant received an exemption and returned to longshore work with restrictions, and cites two provisions of the longshore contract as supporting its position. We conclude that employer's argument is without merit, and the ALJ properly concluded that Brown could not return to longshore employment. The provisions of the longshore contract cited by employer merely indicate that a union member will not lose any seniority credit for a break in service that results from an injury or illness "to the extent of becoming eligible for workman's compensation or for benefits under the Employers I.L.A. Welfare Plan," (J.A. 595), and that a union member may be disciplined for "[p]ersistently failing to accept employment which he is capable of performing without an exemption." (J.A. 599).

These provisions do not establish that a union member may return to work by seeking an exemption from certain jobs based on medical restrictions. Moreover, as the ALJ noted,

4

Brown produced a letter from the union stating that a longshoreman must be 100 percent physically qualified and that there were no light duty or sedentary positions on the waterfront. Thus, the ALJ correctly concluded that Brown could not return to longshore employment with the restrictions imposed by Dr. Patel.

Our review of the record discloses that the Board's decision is based upon substantial evidence and is without reversible error. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>